

# THE ATTORNEY GENERAL
## OF TEXAS

November 11, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Opinion No. JM-575

Re: Whether "local funds" main-
tained by colleges and universities
are subject to appropriation and
related questions

Dear Mr. Bullock:

You ask several questions concerning local funds maintained outside the treasury by colleges and universities and state agencies. You give the following examples of funds deposited in local accounts under section 51.008 of the Education Code or the Appropriations Act:

> 1. Funds from auxiliary enterprises, such as athletic activities, book stores and cafeterias;

> 2. constitutional college building amendment funds;

> 3. amounts derived from non-instructional services, e.g., soil testing by Texas A & M University;

> 4. endowment funds;

> 5. federal funds for student loans and research;

> 6. gifts and donations;

> 7. fees for such items as dormitories, student newspapers, and student health centers;

> 8. funds maintained in local bank accounts which are not required to be placed in the treasury by either the Funds Reform Act, the Education Code, or other specific statutes.

You ask whether the following information retained by state agencies and institutions of higher education on these local funds is subject to the Open Records Act:

1.  Information concerning gifts and donations to colleges and universities, such as the name of the donor, the amount, any restrictions placed on the donation, and the disposition of the donation;

2.  accounting records and supporting documentation concerning the source and disposition of receipts from auxiliary enterprises operated by colleges and universities and of all other local funds maintained by colleges and universities;

3.  accounting records and supporting documentation concerning public and private grants to colleges and universities;

4.  accounting records and supporting documentation concerning public and private grants to state agencies.

You ask a broad question about several general categories of information, and our answer must necessarily be generalized. The Open Records Act applies to

[a]ll information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business. . . .

V.T.C.S. art. 6252-17a, §2(a). State colleges and universities and state agencies are governmental bodies subject to the Open Records Act. See, e.g., Texas Industrial Accident Board v. Industrial Foundation of the South, 540 S.W.2d 668 (Tex. 1976); Hubert v. Harte-Hanks Texas Newspapers, Inc., 652 S.W.2d 546 (Tex. App. - Austin 1983, writ ref'd n.r.e.); Attorney General Opinions H-436, H-242 (1974). The Open Records Act as a general rule would authorize members of the public to request access to the records of state colleges and universities and state agencies concerning gifts, grants, and local funds. See, e.g., Open Records Decision Nos. 220 (1978) (records of bank account opened in name of city); 121 (1976) (financial records of University of Texas Division of Extension). When a member of the public requests particular records, the governmental body would be entitled to raise exceptions to public disclosure set out in section 3(a) of the Open Records Act; whether particular records would be excepted from public disclosure must be determined on a case-by-case basis under the procedures set out in the Open Records Act. See, e.g., Open Records Decision No. 121 (1976) (financial records of university extension division excepted from public disclosure by section 3(a)(3) of article 6252-17a, V.T.C.S.).

You next ask the following questions about the appropriation of local funds and gift and grant funds:

1.  Are local funds maintained by universities
and colleges subject to appropriation by the
legislature?

2.  Are grants and gifts received by state
agencies and maintained in local accounts subject
to appropriation?

Your questions do not focus on particular funds, gifts, or grants. Nor do they inquire about the construction of particular statutes. We can provide generalized answers to your questions, with the qualification that the statutes, Appropriation Act provisions, and constitutional provisions applicable to particular funds might require a different result in some cases. See, e.g., Tex. Const. art. XVI, §6; Attorney General Opinions M-944 (1971); M-91 (1967).

Prior opinions of this office have determined that local funds maintained by universities and colleges are subject to appropriation by the legislature. See, e.g., Attorney General Opinions H-456 (1974); V-1427 (1952); V-7.5 (1948). See generally Attorney General Opinion MW-576 (1982). The following Education Code provisions apply to college and university local funds:

Section 51.001.  Institutions to which Applicable

Subject to Section 51.008 of this code, the pro-
visions of this subchapter apply to:

(1)  each institution and branch of The Uni-
versity of Texas System;

(2)  each institution, agency, and service of The
Texas A & M University System;

(3)   Texas A & I University;

(4)   Texas Tech University;

(5)   East Texas State University;

(6)   North Texas State University;

(7)   Sam Houston State University;

(8)   Stephen F. Austin State University;

(9)   Southwest Texas State University;

(10)  Sul Ross State University;

(11)  West Texas State University;

(12) Texas Eastern University; and

(13) each public junior college to the extent possible.

§51.002. Funds Subject to Control

(a) The governing board of each institution listed in Section 51.001 of this code may retain control of the following sums of money collected at the institution, subject to Section 51.008 of this code.

(1) student fees of all kinds;

(2) charges for use of rooms and dormitories;

(3) receipts from meals, cafes, and cafeterias;

(4) fees on deposit refundable to students under certain conditions;

(5) receipts from school athletic activities;

(6) income from student publications and other student activities;

(7) receipts from the sale of publication products and miscellaneous supplies and equipment;

(8) students' voluntary deposits of money for safekeeping;

(9) all other fees and local institutional income of a strictly local nature arising out of and by virtue of the educational activities, research, or demonstrations carried on by the institution; and

(10) donations and gifts to the institution.

. . . .

§51.006. Funds not to be Used to Increase Salaries

No part of any of the funds listed in Section 51.002 of this code shall ever be used to increase any salary beyond the sum fixed by the legislature in the general appropriations act, and the provisions of this subchapter are subordinate to the

> general appropriations act for the support of each institution.
>
> §51.008.   Certain Receipts to be Deposited in State Treasury
>
> (a)   The governing board of every state institution of higher education is directed to designate special depository banks, subject to the approval of the state treasurer, for the purpose of receiving and keeping certain receipts of the institution separate and apart from funds now deposited in the state treasury.   The receipts here referred to are described in Subsection (b) of this section. . . .
>
> (b)   The governing board of every state institution of higher education shall deposit in the state treasury all cash receipts accruing to any college or university under its control that may be derived from all sources except auxiliary enterprises, non-instructional services, agency, designated, and restricted funds, endowment and other gift funds, student loan funds, and Constitutional College Building Amendment funds. . . .
>
> §54.004.   Retention and Use of Funds
>
> All tuition, local funds, and fees collected by an institution of higher education shall be retained and expended by the institution and accounted for annually as provided in the general appropriations act.   (Emphasis added).

Educ. Code §§51.001, 51.002, 51.006, 51.008, 54.004.

Pursuant to section 51.006 of the Education Code, the local funds described in section 51.002 are subject to appropriation by the legislature.   See Attorney General Opinions H-456 (1974); V-715 (1948).   See also Attorney General Opinion V-1427 (1952).   The current Appropriations Act appropriates the local funds of colleges and universities.   General Appropriations Act, Acts 1985, 69th Leg., ch. 980, art. III, §1.

You finally ask whether grants and gifts received by state agencies and maintained in local accounts are subject to appropriation.   You do not inquire about a particular agency, and any question about the appropriation of gifts or grants received by a particular state agency must be answered in reference to the statutes, constitutional provisions, and caselaw relevant to that agency.

The State Funds Reform Act provides, with certain exceptions, that

> gifts, grants, donations, and other funds collected or received by a state agency under law shall be deposited in the treasury, credited to a special fund or funds, and subject to appropriation only for the purposes for which they are otherwise authorized to be expended or disbursed. A deposit shall be made at the earliest possible time that the treasury can accept those funds, but not later than the seventh day after the date of receipt.

V.T.C.S. art. 4393-1, §4.0[4(a); see, e.g., Attorney General Opinions JM-391 (1985); MW-590, MW-454 (1982). Funds deposited in the State Treasury may only be withdrawn by appropriation. Tex. Const. art. VIII, §6. Gifts and grants to state agencies named in the general appropriations act are appropriated by the following provisions:

> Sec. 19. ACCEPTANCE OF GIFTS OF MONEY. All bequests and gifts of money to state agencies named in this Act are hereby appropriated to the agency designated by the grantor and for such purposes as the grantor may specify, subject to the following:
>
> (1) All such bequests and gifts of moneys, unless exempted by specific statutory authority, shall be deposited into the State treasury and shall be expended in accordance with the provisions of this Act.
>
> . . . .
>
> Sec. 20. FEDERAL FUNDS. All funds received from the United States government by state agencies and institutions named in this Act are hereby appropriated to such agencies for the purposes for which the federal grant, allocation, aid, payment or reinbursement was made subject to the following:
>
> (1) Federal funds including unexpended balances shall be deposited to and expended from the specific program identified under each agency's appropriation bill pattern.
>
> No federal funds may be expended for programs or activities other than those which have been reviewed by the Sixty-ninth Legislature and

authorized by specific language in this Act or encompassed by an agency's program structure as established by this Act.

General Appropriations Act, Acts 1985, 69th Leg., ch. 980, art. V, §§19, 20.

Article XVI, section 6, of the Texas Constitution makes some special provisions for the handling of grant funds received by state agencies responsible for providing services to persons who are physically or mentally disabled. This provision authorizes the state agencies to accept money from private or federal sources to provide facilities and services to assist the disabled. State agencies may deposit money accepted under article XVI, section 6 in the state treasury or in another secure depository and may spend it for the purpose for which it was given "without the necessity of an appropriation, unless the Legislature, by law, requires that the money be expended only by appropriation." Tex. Const. art. XVI, §6. It is therefore necessary to consult the statutes applicable to funds received under article XVI, section 6, of the Texas Constitution to determine whether federal grants and gifts to a particular agency are subject to appropriation. See, e.g., Human Res. Code §§91.056, 111.055.

## S U M M A R Y

The Open Records Act applies to information about local funds held by state colleges and universities. Whether particular information is available to the public or excepted from public disclosure must be determined on a case-by-case basis in accordance with the procedures established in article 6252-17a, V.T.C.S. Local funds maintained by universities and colleges and gifts and grants received by state agencies and maintained in local accounts are as a general rule subject to appropriation. However, federal grants and gifts received under article XVI, section 6, of the Texas Constitution by state agencies responsible for providing services to disabled persons may be spent without appropriation unless the legislature provides by law that the money be expended only on appropriation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General